IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN NORVILLE<br>623 2nd Avenue<br>Roselle, NJ 07203<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MANHATTAN WOODS GOLF CLUB<br>One Ahlmeyer Drive<br>West Nyack, NY 10994<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.: 07-2939 (SCR)<br><br>**JURY TRIAL DEMANDED** |

*U.S. DISTRICT COURT FILED SEP 1 4 2007 S.D. OF N.Y. W.P.*

### FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Stephen Norville (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of 42 U.S.C. § 1981 and state law for racial discrimination, Fair Labor Standards Act (FLSA), and the New York Labor Laws. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States. This Court also has supplemental jurisdiction over state law claims alleged herein because they arise out of the same common nucleus of operative facts underlying Plaintiff's federal claim(s).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Southern District of New York.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a private and exclusive golf club which also caters to corporate functions and private affairs on its premises.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff worked for Defendant and, at all times relevant during his employment, worked in Defendant's locker room.

11. Plaintiff was told that he was terminated in or about December 17, 2006 by Defendant.

12. Plaintiff is very experienced with operating and running a high-scale locker room for facilities such as Defendant's facility.

13. Plaintiff is African-American, and he was replaced by someone with little or no experience who is not African-American.

14. During his employment with Defendant, he was singled out for disparate treatment because of his race, which included but was not limited to, being questioned in a suspicious manner about his actions while on the premises, having polices selectively enforced against him, and he was regularly treated in a demeaning manner.

15. At all times relevant herein, Defendant employed at least sixty (60) employees.

16. Upon information and belief, less than three-percent of Defendant's staff was African-American at the time of Plaintiff's termination.

17. Upon information and belief, Defendant hires a statistically disparate number of African Americans out of the prospective pool of applicants, creating an inference of discriminatory treatment towards African-American employees.

18. Plaintiff never received any written discipline while in the employ of Defendant.

19. Plaintiff believes and therefore avers that he was terminated only because of his race.

20. Although Plaintiff's job title includes the word "Manager," his duties consist primarily of manual labor.

21. Plaintiff did not have the ability to hire or fire employees.

22. Plaintiff did not have any significant discretion in the aspects of the job he performed.

23. Plaintiff performed his job duties with one other employee at a time and did not supervise any other employees.

24. Plaintiff never received overtime pay for any of the overtime hours he worked for Defendant, and was only paid a salary for all hours worked.

## Count I
### Violation of 42 U.S.C. § 1981
**(Racial Discrimination)**

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. At all times relevant herein, Plaintiff believes that he was discriminated against because of his race while in the employ of Defendant and terminated because of race.

27. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

## Count II
### Violations of New York Executive Law § 296(1)
**(Racial Discrimination)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Pursuant to §296(1) of the New York Executive Law, it is an unlawful discriminatory practice for an employer to discriminate against an employee because the employee's race.

30. Plaintiff's termination, which was premised upon his race, is therefore an unlawful action pursuant to New York Executive Law Section 296(a).

## Count III
### Violations of the Fair Labor Standards Act

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. At all times relevant herein, Defendant have and continues to be an employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

33. At all times relevant herein, Plaintiff was employed with Defendant as an "employee" within the meaning of the FLSA.

34. Under the FLSA, an employer must pay an employee for every hour worked.

35. Defendant's violation of the FLSA includes not paying Plaintiff overtime for the weeks Plaintiff worked more than forty (40) hours.

37. As a direct, proximate, and actual cause of Defendant's actions, Plaintiff has suffered damages.

## Count IV
### Violations of New York Labor Law

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. By the course and conduct set forth above, Defendant has violated N.Y. Lab. Law, § 650, *et seq.*; N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

40. The New York Labor Law requires an employer, such as Defendant to pay overtime compensation to all non-exempt employees. N.Y. Lab. Law, §§ 651(5)(c), 655(5)(b); N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

41. Defendant had a policy and practice of refusing to pay overtime compensation to the Plaintiff.

42. As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due to the Plaintiff, Defendant has violated and continues to violate the New York Labor Law, N.Y. Lab. Law, §§ 651(5)(c), 655(5)(b); N.Y. Comp. Codes R. & Regs. § 142-3.1 *et seq.*

43. Plaintiff seeks the amount of the underpayments based on Defendant's failure to pay one and one half times the regular rate of pay for worked in excess of forty (40) hours per week, as provided by the New York Labor Law, § 663, *et seq.* and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by state or federal law;

B. Defendant is to promulgate and adhere to a policy prohibiting the aforementioned discrimination;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, humiliation, and punitive damages and liquidated damages caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future.

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

H. Plaintiff is permitted to have a trial by jury.

    Respectfully submitted,

    **KARPF, KARPF & VIRANT**

    Adam C. Virant, Esq. (AV5429)
    140 Broadway, 46th Floor
    New York, NY 10005
    (212) 929-6030

Dated: September 13, 2007